# EXHIBIT 1



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 5, 2005

Stephen R. Delinsky, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110

    Re:  <u>United States v. Anthony Lavely</u>
         Criminal No. 04-10025-NG

Dear Steve:

    We are still in the process of dealing with the matters left open last week. Both Rich Irvine and I are preparing for a CPORN trial that will start in two weeks, so we have not been able to devote substantial time to this case. However, I wanted to let you know where we currently stand.

    We count 20 CRT videos that are listed on Mr. Laveley's order forms that were seized as part of the Miami investigation. In the two boxes of videos taken from Mr. Lavely's house we have identified 29 videos that originated from CRT. Each of them has a title that is the same, except for volume number, as one or more videos on the CRT order forms.

    I have asked Rich Irvine to carefully review all 29 of the CRT videos, something that he did not do earlier in this investigation, to determine which if any videos contain chargeable child pornography under the definition of sexually explicit conduct found at 18 U.S.C. §2256(2)(A). So far he has looked at 14 of them. Seven of the 14 contain, in his opinion and in mine, chargeable child pornography. I did not review the entirety of the seven tapes but did review the portions that Rich concluded contained chargeable child pornography. None of the seven contain depictions of sexually explicit conduct involving children and adults. Each of the seven contain depictions of the lascivious exhibition of the genital areas of young girls we

estimate to be 9-12 years. A typical video involves a great deal of conduct that would not be deemed to be sexually explicit, but also includes portions where the genital areas of the girls are the focus of the depictions and thus fall within the definition of sexually explicit conduct. For instance, one video has a young girl in a black fishnet body suit that covers her entire body, except for a large whole at the genital area. During portions of the video, the girl is on her back, opening and spreading her legs, with the camera focused on her exposed genital area.

The seven CRT videos that we have put into the non-chargeable category are similar in nature to the first seven, but involve older girls. The girls are clearly pubescent, and our best estimate would place their ages in the mid to late teens, from 15-18. We believe the girls are minors, but accept the difficulty of distinguishing ages once a girl is fully developed sexually. It is for that reason we do not put them in the category of chargeable child pornography.

Rich Irvine hopes to review the remaining 15 CRT videos today, but is then going to be out all of next week. When he comes back, he and I will be in our final trial prep work for our August 22nd trial. The trial should last only two to three days, and then Rich would be available to make the CRT videos available for your review at his Boston office. August 25th and 26th are currently available on his schedule.

We asked the Miami office of the Postal Inspectors to review their files and provide us with any product descriptions and/or solicitations that were seized in the CRT investigation. They had very little in their files, but provided us what they have, which I enclose herein.

It is not my intention to review the forensics from Mr. Lavely's computer. The government will focus at sentencing on the CRT/undercover part of this case.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
TIMOTHY Q. FEELEY
Assistant U.S. Attorney
(617) 748-3172