UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>ANTHONY LAVELY  )<br>) | CRIMINAL NO. 04 CR 10025-NG |

## DEFENDANT ANTHONY LAVELY'S MOTION TO CONTINUE SENTENCING DATE

The Defendant, Anthony Lavely ("Mr. Lavely"), moves that the Court continue his sentencing hearing from November 2, 2005 to allow the defendant to file by December 2, 2005 a status report concerning the defense's progress in gathering relevant and material sentencing information. In the report, the defendant will suggest an appropriate new sentencing date. Mr. Lavely asserts the following reasons in support of this motion:

1)   In a discovery letter dated April 25, 2005, Mr. Lavely requested that the government produce information regarding the disposition of cases resulting from the C.R.T. undercover operation. Specifically, Mr. Lavely's attorneys requested the name of each defendant, the federal district court where the action was brought, the specific charges for each defendant, the docket numbers for each defendant, and the dispositions of these cases. See Mr. Lavely's Discovery Letter dated April 25, 2005, attached as Exhibit 1.

2)   On April 26, 2005, counsel for the government provided Mr. Lavely's attorneys with general information concerning the government's C.R.T. investigation, however, he did not provide specific details concerning the disposition of the other C.R.T. cases. See AUSA Feeley's letter dated April 26, 2005, attached as Exhibit 2. In response, Mr. Lavely's attorneys

{K0312506.1}

sent the government another request for specific information concerning the disposition of C.R.T. related cases. See Mr. Lavely's Discovery Letter dated May 3, 2005, attached as Exhibit 3.

3) During the sentencing hearing held on July 27, 2005, the Court identified several issues that it deemed relevant in its determination of an appropriate sentence in this matter including the disposition of the other cases resulting from the government's undercover investigation of C.R.T.

4) Following the hearing and in accordance with the Court's inquiries, Mr. Lavely, once again, requested that the government produce specific information regarding the disposition of cases resulting from the C.R.T. undercover operation. See Mr. Lavely's Discovery Letter dated August 22, 2005, attached as Exhibit 4.

5) In response to the additional request from Mr. Lavely's attorneys on August 22, 2005 for sentencing information relating to the C.R.T. undercover operation, AUSA Feeley informed Mr. Lavely's attorneys in his letter dated August 23, 2005 that after making some preliminary inquiries, he would make further efforts to obtain the requested information regarding the disposition of C.R.T. cases, but that he may not have the information available for the defense until after Labor Day. See AUSA Feeley's letter dated August 23, 2005, attached as Exhibit 5.

6) On September 27, 2005, AUSA Feeley provided Mr. Lavely's attorneys with information concerning federal prosecutions arising out of the investigation of Angel Mariscal and C.R.T. See Exhibit 6, attached. Specifically, Mr. Feeley's letter contained a list of thirty-four (34) defendants; the defendants' place of residence; the dates when the offense and sentencing occurred; and the sentence that was adjudged. The government did not provide the

federal district courts where the actions were brought, the specific charges brought against each defendant, and, most importantly, the docket numbers for each case.

7) Mr. Lavely's attorneys sent AUSA Feeley an additional discovery letter on September 27, 2005, requesting the missing case information so that they could research and analyze the listed cases and defendants in a meaningful way. See Mr. Lavely's Discovery Letter dated September 27, 2005, attached as Exhibit 7. In a letter dated October 5, 2005, Mr. Feeley responded that the United States Postal Inspection Service, the agency responsible for assembling the information concerning the federal prosecutions arising out of the C.R.T. investigation, did not "capture" the omitted case information and that the missing docket numbers, courts, and specific charges were located in the individual case files that were "spread all over the country, many of which would already have been closed out and sent to storage." See AUSA Feeley's letter dated October 5, 2005, attached as Exhibit 8.

8) Through its own comprehensive research, the defense was able to collect the docket information for most of the C.R.T. defendants listed by the government.[1] After reviewing the docket entries for these cases, Mr. Lavely's attorneys identified only those pleadings that were essential in determining the facts of each case, the defendant's background, and the court's bases for the sentences that were imposed. However, most of the electronic pleadings (over 160 documents) that the defense attempted to open were not accessible on-line. After conferring with the courts that maintain these inaccessible pleadings, Mr. Lavely's attorneys were informed that before receiving the requested documents, they will be required to submit a written request identifying the specific document. After the court receives the request, it will determine the

---

[1] The defense was unable to locate the docket information for defendants Christian Taitano, Andrew Thompson and Leslie Beal.

necessary fee to copy and mail the specified documents to the defense. Only after the fee is received will the court send the requested pleadings to Mr. Lavely's attorneys. This process could take several weeks to complete and the defense will require additional time beyond that to analyze the sentencing information and prepare appropriate submissions for the Court.

9) In addition, Mr. Lavely has filed simultaneously herewith a motion for the Court to order the Probation Office for the District of Massachusetts to produce certain sentencing information to the defense. Specifically, Mr. Lavely seeks disclosure of information gathered by the Probation Office concerning all departures granted in the United States District Court for the District of Massachusetts from 1989 through January 12, 2005 for offenses involving child pornography, as well as the post-Booker departures from January 12, 2005 through the present, and sentencing variances pursuant to 18 U.S.C. §3553(a)(2) that have been granted in the United States District Court for the District of Massachusetts for offenses involving child pornography. Mr. Lavely was forced to seek relief from the Court after his attorneys were informed by the Probation Office that it would not release such information as a matter of office policy.

Mr. Lavely submits that based on the foregoing information, he has no alternative but to seek additional time to request, receive, analyze, and prepare appropriate submissions to the Court concerning this critical sentencing information that will undoubtedly provide insight into the offenses and sentences given to the other C.R.T. defendants across the country, as well as an analysis of the departures and variances for defendants sentenced in the United States District Court for the District of Massachusetts. For the foregoing reasons, Mr. Lavely requests this Court to continue the sentencing date from November 2, 2005 to allow the defendant to file by December 2, 2005 a status report on the defense's progress in gathering the sentencing information detailed above.

                                                Respectfully Submitted,
                                                ANTHONY LAVELY
                                                By his attorneys,

                                                */s/ Stephen R. Delinsky*
                                                Stephen R. Delinsky (BBO #119120)
                                                Andrew R. McConville (BBO #632804)
                                                **ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
                                                One International Place, 18th Floor
                                                Boston, Massachusetts 02110
DATED: October 25, 2005          Telephone No.: (617) 342-6800

{K0312506.1}                              5