```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        V.               )    CRIMINAL NO. 04-10025-NG
                         )
ANTHONY LAVELY           )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL SENTENCING INFORMATION AND TO CONTINUE SENTENCING

The government hereby opposes defendant Anthony Lavely's ("Lavely") motions: (1) for an order to compel the Probation Office to disclose sentencing information [Dk. 30]; and (2) to continue sentencing date [Dk. 32]. As grounds therefore, the government states, as more fully discussed below, that Lavely has more than enough information about other cases to permit him to advocate vigorously and effectively at sentencing, and this Court has more than enough information before it to permit it to exercise its sentencing discretion in an informed and meaningful manner. Sentencing in this case should not be further postponed.

On January 29, 2004, a one-count information was filed in this case, charging Lavely with receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2). He pled guilty to the information before this Court on September 27, 2004. Sentencing was originally scheduled for February 8, 2005. At that time, the Court continued sentencing to give Lavely additional time to present departure arguments to the Court. However, because Lavely's mental health expert was present in the courtroom, this

Court heard the testimony of Dr. Barbara Schwartz.

The sentencing hearing next convened on July 27, 2005. Prior to that date, Lavely filed an extensive sentencing memorandum in support of his motion for a departure and/or deviation, and the government filed an extensive opposition memorandum. In his submission, Lavely listed and discussed seven child pornography cases from this district in which downward departures had been granted. At the sentencing, this Court informed the parties that it had learned that Angel Mariscal, the person who operated the child pornography business of which Lavely had been a customer, had been sentenced to 100 years in federal prison. The Court requested the government to obtain information about the sentences imposed in other districts on customers of Mariscal, who, like Lavely, had been discovered during the Mariscal investigation, and later prosecuted for child pornography offenses.[1] Sentencing was continued for that purpose, and is now scheduled for November 2, 2005.

Although the Department of Justice ("DOJ") tacks conviction and sentencing information by subject matters, it does not track conviction and sentencing information specific to particular

---

[1]The Court also continued the sentencing so that both parties could examine the video tapes that Lavely had purchased from Mariscal and which had been turned over by him to Postal Inspectors pursuant to his consent to a search of his residence. Those tapes have been reviewed and the parties are prepared to report, without dispute, about the contents of those tapes.

investigations within subject matters. Thus, the information sought by the Court could not be obtained through DOJ. However, the investigation of Mariscal and follow-up investigations of Mariscal customers such as Lavely were conducted by the United States Postal Inspection Service ("Postal"), which did track conviction and sentencing data on prosecutions resulting from the Mariscal investigation. On September 27, 2005, the government supplied to this Court and Lavely sentencing information in 34 federal cases that arose from the Mariscal investigation. The government understands that each of the cases involves a person, like Lavely, who was identified as a customer of Mariscal, and who thereafter was investigated and prosecuted by Postal. The information available from the Postal database, and conveyed to this Court and Lavely, includes the name and town of the defendant, the offense date, sentencing date, and sentence imposed.

The government opposes the efforts of Lavely to continue sentencing in order to obtain more information about the 34 Mariscal-related cases disclosed by the government, and to obtain information from Probation about child pornography cases in this district since 1989. The government admires the diligence of Lavely's counsel, but they seek to take this sentencing to a level not contemplated in our sentencing system, either before or after Booker. This Court's interest in knowing the range of sentences imposed on somewhat similarly situated defendants is

understandable, and will undoubtedly assist this Court in arriving at a fair and reasonable sentence in this case.  However, an examination of the facts of each of, or even some of, those other cases, is neither necessary to, nor contemplated as necessary to, the imposition of a fair and reasonable sentence.  Knowing whether other somewhat similar cases resulted in prison sentences is one thing, but trying to compare facts and special circumstances to cases from other districts is quite another.  This Court has been sentencing defendants for years.  The government would guess that never once has it sought or obtained specific information from scores of cases from around the country.  The federal sentencing system is neither designed to accommodate such requests for information, nor intended to need such case-specific information.  Sentencings in federal court would be subject to substantial unnecessary delay if such information was considered necessary before an experienced district judge could impose sentence.  If Lavely pointed to a favorable disposition from another district, the government would be forced to investigate and present information to this Court in the likely event that the case could be distinguished from this case.  Needless litigation, or endless continuances would follow.

  In this particular case, there is no absence of information before this Court.  Lavely's counsel has provided this Court with a great amount of information and many arguments to assist this

Court in its determination of an appropriate sentence. This Court already knows from Lavely's prior submissions that other sessions of this Court have departed in some child pornography cases. This Court now knows that the vast majority of Mariscal-related federal prosecutions have resulted in fairly substantial terms of imprisonment. It is now for this Court to determine, after considering all of the §3553(a) factors, the appropriate sentence to impose on Lavely. No further time or information is needed for the Court to make that judgment. Lavely's motions should be denied and he should be sentenced as scheduled on November 2, 2005.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                    By:  /s/ Timothy Q. Feeley
                         TIMOTHY Q. FEELEY
                         Assistant U.S. Attorney
                         (627) 748-3172

October 26, 2005

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel for defendant, Stephen R. Delinsky, Esq., a copy of the foregoing document by electronic filing notice.

                                      /s/ Timothy Q. Feeley
                                      TIMOTHY Q. FEELEY
                                      ASSISTANT UNITED STATES ATTORNEY