```
 1           IN THE UNITED STATES DISTRICT COURT
 2             FOR THE DISTRICT OF MASSACHUSETTS
 3
 4
 5    UNITED STATES       )    Cr. No. 04-10025-NG
 6    VS.                 )    Courtroom No. 2
 7    ANTHONY LAVELY      )    1 Courthouse Way
 8                             Boston, MA  02210
 9
10            FINDING OF FACTS AND SENTENCING
11                  NOVEMBER 2, 2005
12                      2:25 P.M.
13
14
15
16
17          BEFORE THE HONORABLE NANCY GERTNER
18          UNITED STATES DISTRICT COURT JUDGE
19
20
21
22
23
24                  VALERIE A. O'HARA
25               OFFICIAL COURT REPORTER
```

2

1  A P P E A R A N C E S:

2       United States Attorney's Office, by TIMOTHY FEELEY,
   ASSISTANT UNITED STATES ATTORNEY, One Courthouse Way,
3  Suite 9200, Boston, Massachusetts  02210; for the
   United States;
4
        Eckert, Seamans, Cherin & Mellott, LLC, by STEPHEN R.
5  DELINSKY, ESQ., One International Place, 18th Floor, Boston,
   Massachusetts  02110, for the Defendant.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      THE COURT:  Mr. Lavely, would you please stand.
2 I'm going to sentence you to 18 months in the custody of the
3 Bureau of Prisons.  I'm going to order a fine of $10,000,
4 which is due immediately.  You're to notify the U.S.
5 Attorney within 30 days of any change of mailing or resident
6 address that occurs while any portion of the fine is unpaid.
7      You shall be on supervised release for a term of
8 two years, but what I will say is at the end of one year, we
9 should certainly talk about whether supervised release ought
10 to be terminated assuming you are doing fine.  Within 72
11 hours of your release from custody, you shall report to the
12 district to which you've been released.  While you're on
13 supervised release, you will not commit another federal,
14 state or local crime.  I have no doubt that you will not.
15      My sentence, just to make sure that the record is
16 clear, my sentence adopts the presentence report but varies
17 from the presentence report in precisely the way
18 Judge Woodlock varied from his presentence report to avoid
19 unwarranted sentencing disparities, although they are not
20 co-defendants, they are similarly situated individuals in
21 this very court.  Because of the nature and circumstances of
22 the offense, the fact that Mr. Lavely did not choose to buy
23 precisely the same relatively innocuous materials that he
24 had before but chose more, far more troubling materials, so
25 this reflects the nature and circumstances of the offense.

1      Mr. Lavely's obliged to submit to a DNA sample,
2  that's now automatic and also troubling.  On supervised
3  release, you're to comply with the standard conditions, and,
4  in addition, you're prohibited from possessing a firearm or
5  other dangerous weapon.  You're to participate in a mental
6  health program as probation may direct.  You're to
7  participate in a sex offender treatment program which could
8  essentially be what he's participanting in now.  He may be
9  required to contribute to the cost of that treatment based
10 on the ability to pay or the availability of a third party
11 payment.
12      There's a recommendation here of a polygraph.  Is
13 that mandatory?
14      PROBATION OFFICER:  Your Honor, it's one we ask
15 for on all sex offenders.
16      THE COURT:  I won't do that.  Likewise, there's a
17 recommendation that he be prohibited from engaging in an
18 occupation that would require him to have direct or indirect
19 contact with children under the age of 18.  I won't do that
20 either.  If the Stoughton Court finds its charges require
21 that, then they will do that.
22      MR. DELINSKY:  Judge, could I ask that Mr. Lavely
23 have a self-report date of January 3rd?  The reason why I
24 say that, there are a number of projects he's involved in
25 now that he would like to finish for his company.

1           THE COURT:  No question about that, self-report
2  date of January 3.  That will also give us an opportunity to
3  make sure there's a bed available at Devens.
4           MR. DELINSKY:  Thank you, your Honor.  I recommend
5  the camp at Fort Devens.
6           MR. FEELEY:  I'm not so sure there's a camp at
7  Fort Devens, I thought the Court was interested in the sex
8  offender management program at Devens.
9           THE COURT:  That's what I'm interested in.  It's
10 not the camp, he will both on the nature of the charge and
11 the nature of the sentence wind up precisely where this
12 other defendant wound up.
13          The defendant shall report his address and any
14 subsequent address changes to probation.  He's to pay the
15 balance of a fine according to a repayment schedule.  He's
16 prohibited from incurring new credit charges without the
17 approval of probation.  He's to provide probation access to
18 financial information which may be shared with the financial
19 litigation unit of the U.S. Attorneys' office.  There's a
20 special assessment of $100 which shall be due immediately.
21 Is there anything else?
22          PROBATION OFFICER:  One last thing, he also be
23 required to register as a sex offender.
24          THE COURT:  Is that mandatory?
25          MR. FEELEY:  By law, state law.  I believe he's

1  already done it.
2          MR. DELINSKY:  We have already done it.
3          MR. FEELEY:  It's triggered by the guilty plea,
4  your Honor.
5          THE COURT:  I see.
6          MR. DELINSKY:  And we did it with pretrial
7  services when he was scheduled.  That day it was filled out
8  and it was sent to the state.
9          THE COURT:  If he's already done it, I don't have
10 to make it a condition of this.  No interest on the fine.
11         MR. FEELEY:  Your Honor, there are forfeiture
12 allegations in the information.  I ask that the judgment
13 include forfeiture as alleged in the information.  It
14 involves the computer and the tapes that were taken when
15 Mr. Lavely was confronted by postal inspectors.
16         MR. DELINSKY:  No objection.
17         THE COURT:  I will allow the forfeiture of the
18 computer and the tapes.
19         MR. FEELEY:  Thank you.
20         THE COURT:  You have a right to appeal.  Your
21 counsel will let you know what that consists of.  Sentencing
22 is difficult in general.  This is particularly difficult.
23 Is there anything else?
24         MR. FEELEY:  Not a thing.
25         THE CLERK:  All rise.

7

1           C E R T I F I C A T E
2
3  UNITED STATES DISTRICT COURT )
4  DISTRICT OF MASSACHUSETTS    )
5  CITY OF BOSTON               )
6
7       I, Valerie A. O'Hara, Registered Professional
8  Reporter, do hereby certify that the foregoing transcript
9  was recorded by me stenographically at the time and place
10 aforesaid in No. 03-10323-NG-2, In Re:  United States vs.
11 Anthony Lavely and thereafter by me reduced to typewriting
12 and is a true and accurate record of the proceedings.
13      In witness whereof, I have hereunto set my hand
14 this _____ day of _____, 2005.
15
16                          _____
17                          VALERIE A. O'HARA
18                          REGISTERED PROFESSIONAL REPORTER
19
20
21
22
23
24
25