UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 04-10025-NG |
| v. ) | |
| ) | |
| ANTHONY T. LAVELY, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**GERTNER, D.J.**

WHEREAS, on January 29, 2004, the United States Attorney filed an Information charging defendant Anthony T. Lavely (the "Defendant") with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)(Count One);

WHEREAS, the Information also sought the forfeiture, pursuant to 18 U.S.C. § 2253, as a result of committing the offenses alleged in Count One of the Information, of (1) any and all matter which contains visual depictions produced, transported, shipped or received in violation of Title 18, United States Code, Sections 2252 and/or 2252A; (2) any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations; and (3) any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violations, including the computer system and related items that were seized by or turned over to law

1

enforcement officials at his residence on April 23, 2003;

WHEREAS, on September 27, 2004, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement he signed on January 26, 2004;

WHEREAS, in Section Seven of the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a) as a result of his guilty plea, including the computer system and related items that were seized by or turned over to law enforcement officials at his residence on April 23, 2003; and

WHEREAS, on April, 23, 2003, officers seized an Apple G4 Powerbook serial number QT2480DGN4M (the "Computer") from the Defendant's residence.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the plea agreement, that the government has established the requisite nexus between the Computer and the offense to which the Defendant pled guilty. Accordingly, all of the Defendant's interest in the Computer is hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

2.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Computer and maintain it in its secure custody and control.

3.   Pursuant to 18 U.S.C. § 2253, the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Computer pursuant hereto.

4.   Pursuant to 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Computer to be forfeited.

5.   Pursuant to 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Computer, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Computer; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Computer, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the Computer, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of such petitions, the United States of America shall have clear title to the Computer. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Computer.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
NANCY GERTNER
United States District Judge

Date: