Prob 12D
(6/05)

# UNITED STATES DISTRICT COURT

for

The District of Massachusetts

**Request for Summons and
Modification of the Conditions or Term of Supervision**

Name of Offender: Anthony T. Lavely          Case Number: 04-CR-10025

Name of Sentencing Judicial Officer: Honorable Nancy Gertner, U.S. District Judge

Date of Original Sentence: November 2, 2005

Original Offense: Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)

Original Sentence: 18 months imprisonment followed by 24 months of supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: April 20, 2007

## PETITIONING THE COURT

The offender not having waived a hearing, the probation officer requests that a summons be issued and a hearing held to modify the conditions of supervision as follows:

1.) The defendant shall be required to submit to periodic polygraph testing as a means to insure that he is in compliance with the requirements of his therapeutic program. No violation proceedings will arise based solely on a defendant's failure to "pass" the polygraph. Such an event could, however, generate a separate investigation. When submitting to a polygraph examination, the defendant does not waive his Fifth Amendment rights, and the defendant's exercise of his Fifth Amendment rights will not give rise to violation proceedings. The defendant shall be required to contribute to the costs of testing based on the ability to pay or availability of third-party payment.

2.) The defendant is prohibited from engaging in an occupation, business, or profession that would require or enable him to have direct or indirect supervision of children under the age of 18 and is not to have unsupervised contact with anyone under the age of 18. ✓ *other than his grandchild* ✓

3.) ~~The defendant is prohibited from possessing a computer and/or related materials except as deemed necessary for work purposes.~~

4.) The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access and the defendant shall be responsible for the monthly service fees associated with the monitoring software. ✓

5.) The defendant shall not download and/or install any software, application, etc. without pre-approval and authorization by the Court or probation officer. ✓

6.) The defendant shall not change or attempt to change, circumvent, or disable any restrictions established by the probation officer, Internet Service provider, or monitoring software. This includes, but is not limited to, adult content filtering, chat room access, and any blocked sites. ✓

7.) The defendant shall not utilize the internet for purposes other than employment, unless granted permission to do so by the probation officer.

## CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

Anthony Lavely's criminal history includes a conviction for two counts of Assault & Battery and one count of Indecent Assault & Battery on a Child Under 14 in Stoughton District Court. Mr. Lavely received a sentence of two years imprisonment with one year committed and the balance suspended with probation to June 3, 2009. This offense involved allegations that the defendant inappropriately touched three adolescent females while working for a community theater. The defendant's instant offense involved his attempt to order eight CD-Roms that depicted child pornography. Agents also seized two boxes full of videotapes from the defendant's basement. The defendant advised agents that these boxes contained the videotapes he previously purchased from the child pornography business. Additionally, examination of the defendant's computer following his arrest revealed 633 images of child pornography.

The defendant has no special conditions of supervised release that prevent him from having contact with minors or regulate his computer use. Although the defendant has been ordered to participate in sex offender counseling, at this time he is not required to submit to periodic polygraph testing. Mr. Lavely's history suggests a deviant interest in adolescent females and allegations that he has inappropriately touched adolescent females. The probation department believes that this history requires close supervision and adequate controls to monitor his behavior.

The probation department is requesting the modifications to the defendant's term of supervised release to insure that he is effectively utilizing his treatment. The polygraph is a very valuable tool to monitor the defendant's compliance with his sex offender specific treatment. Period polygraph testing allows the probation department to regularly assess the defendant's situation and make appropriate treatment recommendations. Absent this tool, the probation department cannot supervise the defendant as effectively as is needed and the defendant is at a greater risk to re-offend. The defendant's sex offender treatment provider has recommended that the defendant be subject to periodic polygraph examinations. The additional special conditions to limit the defendant's contact with minors and allow him use of a computer with monitoring software are warranted given the defendant's history. These conditions provide additional safeguards and boundaries that protect the community and also provide structure and limits for the offender, which hopefully will assist him from re-offending.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5 · 29 · 2007

Jeffrey R. Smith
Sr. U.S. Probation Officer

Reviewed and Approved By:

Brian McDonald
Supervising U.S. Probation Officer

THE COURT ORDERS:

☐ No action.

☐ The issuance of a summons.

☒ Other: _see above_

_____
The Honorable Nancy Gertner

7/10/07
Date